An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-722

Filed:   3 March 2015

STATE OF NORTH CAROLINA

v.

DANIEL WALTER SETZER

Caldwell County

Nos. 12 CRS 219; 13 CRS 1329

Appeal by defendant from judgment entered 2 April 2014 by Judge Marvin P. Pope in Caldwell County Superior Court.  Heard in the Court of Appeals 2 December 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.*

*Kevin P. Bradley, for defendant-appellant.*

CALABRIA, Judge.

Daniel Walter Setzer ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of indecent liberties with a child ("indecent liberties") and statutory rape of a fifteen year old ("statutory rape").  We find no error.

In November 2009, the fifteen-year-old victim approached defendant for advice as to how to reunite with defendant's son, with whom the victim had recently ended

a relationship. Defendant brought the victim to his home and provided her with cigarettes, beer, and marijuana. The victim became sick and vomited on herself. Defendant then assisted the victim in removing her clothes and getting in the shower. He joined the victim in the shower and washed her. When the shower was completed, defendant moved the victim into his bedroom and engaged in sexual intercourse with her. Defendant cleaned the victim's clothes and took her home. The victim later disclosed the rape to her grandmother, but did not report it to law enforcement.

Sometime after the incident with defendant, the victim and her twin sister met two men at a local mall and returned to the men's motel room. The men and the victim's sister proceeded to consume beer. The victim eventually left her sister with the men.

In December 2009, the victim was transferred to an alternative school which included participation in counseling. During one of these counselling sessions on 20 January 2010, the victim disclosed that she was raped by defendant. The victim and her sister were subsequently placed in foster care by the Burke County Department of Social Services.

Consequently, defendant was indicted for indecent liberties and statutory rape. Beginning 1 April 2014, defendant was tried by a jury in Caldwell County Superior Court. During the trial, defense counsel attempted to cross-examine the victim about the incident with her sister at the motel. After a *voir dire*, the trial

court sustained the State's objection to that line of questioning, finding it to be irrelevant.

On 2 April 2014, the jury returned verdicts finding defendant guilty of both offenses. The trial court sentenced defendant to a minimum of 253 months to a maximum of 313 months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by forbidding defense counsel from cross-examining the victim regarding the incident at the motel with her sister. We disagree.

"The admissibility of evidence is governed by a threshold inquiry into its relevance. In order to be relevant, the evidence must have a logical tendency to prove any fact that is of consequence in the case being litigated." *State v. Griffin,* 136 N.C. App. 531, 550, 525 S.E.2d 793, 806 (2000) (citations and quotation marks omitted). "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." N.C. Gen. Stat. § 8C-1, Rule 611(b) (2013).

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the "abuse of discretion" standard which applies to rulings made pursuant to Rule 403.

*State v. Royster*, ___ N.C. App. ___, ___, 763 S.E.2d 577, 581 (2014) (citation omitted).

In the instant case, defendant contends that the trial court should have allowed his attorney to cross-examine the victim regarding an incident in which she and her sister went to a motel room with two men, who purchased alcohol which they consumed with the victim's sister. Defendant contends that the victim used details from this incident to create a false story about defendant, deflecting any further inquiry into what happened during the time the victim and her sister were in the motel room with the men.

However, the victim's testimony during *voir dire* did not establish any significant similarity between the two incidents. While beer was present on both occasions, the victim specifically testified that she did not consume beer at the motel, as she had done with defendant. Moreover, the victim did not claim that the men at the motel attempted to engage in any sexual activity with her. Instead, the victim stated that she "was just sitting there" and "just closed [her] ears just trying to block everything out." Furthermore, there is nothing to suggest that the victim was hiding something about the motel incident in order to avoid being punished, as defendant suggests. At the time of the disclosure, defendant had already been placed in an alternative school for more than a month, in part because she had gone to the motel. In light of the "great deference" provided to the trial court on issues of relevancy, we

cannot say that the trial court erred by sustaining the State's objection to defendant's line of questioning.  This argument is overruled.

Defendant received a fair trial, free from error.


No error.

Judges STROUD and McCULLOUGH concur.

Report per Rule 30(e).